IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

SEAN M. LYONS-PRICE,

        Plaintiff,

v.                                                   Civil Action No. 3:05-CV-94

JO ANNE B. BARNHART,
COMMISSIONER OF
SOCIAL SECURITY,

        Defendant.

## **REPORT AND RECOMMENDATION**

### **I. Introduction**

A.    <u>Background</u>

Plaintiff, Sean M. Lyons-Price, (Claimant), filed his Complaint on August 31, 2005, seeking Judicial review pursuant to 42 U.S.C. § 405(g) of an adverse decision by Defendant, Commissioner of Social Security, (Commissioner).[1] On April 14, 2006, the Commissioner filed her Motion to Dismiss.[2]

B.    <u>Motions</u>

Defendant's Motions to Dismiss Plaintiff's Complaint.[3]

C.    <u>Recommendation</u>

I recommend the Commissioner's Motion to Dismiss Plaintiff's Complaint be DENIED.

---

[1] Docket No. 1.

[2] Docket No. 8.

[3] Docket No. 8.

## II. Representations in the Commissioner's pleadings

On January 30, 2002, Plaintiff filed an application for disability insurance benefits (DIB) and Supplemental Security Income (SSI). The Commissioner denied Plaintiff's application at the initial

level and at the reconsideration level of administrative review on August 15, 2002 and December 24, 2003, respectively. Plaintiff filed a timely request for a hearing on February 21, 2003. On October 2, 2003, an Administrative Law Judge (ALJ) held a hearing. On March 16, 2004, the ALJ issued a decision denying Plaintiff's applications.

On April 7, 2004, Plaintiff requested that Appeals Council review the unfavorable decision by the ALJ. On May 26, 2005, the Appeals Council denied Plaintiff's request for review.

On July 12, 2005, Plaintiff requested an additional thirty (30) days in which to file a civil action. On July 26, 2005, the Appeals Council mailed its letter granting Plaintiff an additional thirty (30) days to file a civil action. This letter informed Plaintiff of his right to commence a civil action within thirty (30) days from the date of receipt of the letter and also indicated that the Appeals Council would presume that Plaintiff received a copy of the notice within five fays of the date of the notice.

## III. Discussion

In her Motion to Dismiss, the Commissioner argues that Plaintiff's complaint should be dismissed because he filed it more than thirty-five days after he received notice of the Appeals Council's decision.

42 U.S.C. § 405(g) provides in pertinent part:

> Any individual, after any final decision of the Commissioner of Social Security

2

made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

There is a rebuttable presumption that the claimant received the notice five days after the date of the notice, "unless there is a reasonable showing to the contrary." 20 C.F.R.§ 422.210(c).

According to the representations in the Commissioner's pleadings, notice of the Appeals Council's decision was mailed to Plaintiff on July 26, 2005. Plaintiff is presumed to have received it five days later, on July 31, 2005. Therefore, the relevant time period began to run the following day, August 1, 2005, see Fed. R. Civ. P. 6(a)[4], and expired thirty days later, on August 31, 2005. Thus, Claimant was required to file his complaint on or before August 31, 2005 in order for it to be timely. And, in fact, Plaintiff filed his complaint on August 31, 2005, exactly 35 days later. Accordingly, Plaintiff's complaint is timely.

## IV. Decision

For the foregoing reasons, it is recommended that Defendant's Motion to Dismiss Plaintiff's Complaint be DENIED.

Any party who appears *pro se* and any counsel of record, as applicable, may, within ten (10) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should be submitted

---

[4] Rule 6 provides in pertinent part:

> In computing any period of time prescribed or allowed by these rules, by the local rules of any district court, by order of court, or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included. Fed. R. Civ. P. 6(a).

to the District Court Judge of Record. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation.

The Clerk of the Court is directed to provide a copy of this Report and Recommendation to parties who appear *pro se* and all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic case Filing in the Unites States District Court for the Norther District of West Virginia.

DATED: June 7, 2006

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE